# UNDER SEAL

UNDER SEAL

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13466
ROGER W. WENTHE
Assistant United States Attorney
Nevada Bar No. 8920
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Ph: 702-388-6336
Fax: 702-388-6787
Email: roger.wenthe@usdoj.gov

Attorneys for the United States

AARON D. FORD
Nevada Attorney General
MARK KEMBERLING
Chief Deputy Attorney General
Bar No. 5388
555 East Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3420
Fax: (702) 486-3768
Email: mkemberling@ag.nv.gov

Attorneys for State of Nevada

```
                        FILED              RECEIVED
                        ENTERED            SERVED ON
                                  COUNSEL/PARTIES OF RECORD

                            MAR 28 2019

                        CLERK US DISTRICT COURT
                          DISTRICT OF NEVADA
                   BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* DR. GEORGE G. SCLEPARIS, | Case No.: 2:17-cv-219-KJD-GWF |
| Plaintiffs, | |
| v. | FILED *EX PARTE* AND UNDER SEAL |
| UNITED HEALTH GROUP, INC., *et al.*, | |
| Defendants. | |

**UNITED STATES' AND STATE OF NEVADA'S *EX PARTE* APPLICATION FOR A SIX-MONTH EXTENSION OF TIME <u>TO CONSIDER ELECTION TO INTERVENE</u>**

The United States and the State of Nevada (Plaintiffs) hereby request, *ex parte* and pursuant to 31 U.S.C. § 3730(b)(3) and NRS § 357.010 *et seq.*, a six-month extension of time, from March 28, 2019, up to and including September 30, 2019, to consider whether to intervene in the above-captioned *qui tam* action. This is the United States' and State of Nevada's fifth extension request.

As discussed in the attached memorandum in support, filed *ex parte* and *in camera*, this extension request is necessary for the Plaintiffs to advance their investigation of the relator's allegations. Counsel for the Plaintiffs have conferred with counsel for the relator and have been advised that the relator does not oppose the application for an extension of time. A form of order is also attached hereto.

Dated: March 28, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
RENÉE S. ORLEANS
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-4504
Fax: (202) 307-3852
E-mail: renee.orleans@usdoj.gov

NICHOLAS A. TRUTANICH
United States Attorney

ROGER W. WENTHE
Assistant United States Attorney

AARON D. FORD
Nevada Attorney General

MARK KEMBERLING
Chief Deputy Attorney General

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13466
ROGER W. WENTHE
Assistant United States Attorney
Nevada Bar No. 8920
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Ph: 702-388-6336
Fax: 702-388-6787
Email: roger.wenthe@usdoj.gov

Attorneys for the United States

AARON D. FORD
Nevada Attorney General
MARK KEMBERLING
Chief Deputy Attorney General
Bar No. 5388
555 East Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-3420
Fax: (702) 486-3768
Email: mkemberling@ag.nv.gov

Attorneys for State of Nevada

FILED MAR 28 2019
CLERK US DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* DR. GEORGE G. SCLEPARIS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTH GROUP, INC., *et al.*,<br><br>Defendants. | Case No.: 2:17-cv-219-KJD-GWF<br><br>FILED *EX PARTE*<br>AND UNDER SEAL |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES' AND STATE OF NEVADA'S *EX PARTE* APPLICATION FOR A SIX-MONTH EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE**

4

Plaintiffs, the United States and the State of Nevada, respectfully submit this memorandum, *ex parte* and *in camera*, in support of their application for a six-month extension of time to consider election to intervene in this *qui tam* action. The Plaintiffs require additional time to investigate this matter. This is the fifth extension the Plaintiffs have requested. The relator concurs with the request for an extension.

## I. BACKGROUND

### A. The *Qui tam* Action

Relator Dr. George Scleparis, M.D. (relator) filed this sealed *qui tam* action under the federal False Claims Act, 31 U.S.C. §§ 3729-33 (FCA), and the Nevada False Claims Act, NRS § 357.010 *et seq.* (NFCA), on or about January 26, 2017. The current seal and government evaluation period in this matter are set to expire on March 28, 2019. The United States and the State of Nevada seek a fifth extension, to and including September 30, 2019.

Relator, a cardiologist employed by defendants from approximately 2004-2016, alleges in his Complaint that the named defendants (collectively Defendants) submitted or caused the submission of false claims to the Nevada Medicaid program and the Medicare Part C program, also known as the Medicare Advantage (MA) Program. Relator alleges that Defendants knowingly submitted or caused the submission of false claims for payment that reported diagnosis codes for Defendants' patients which were inaccurate and which caused Defendants to receive higher reimbursements from these programs than those to which they were entitled.

#### 1. Medicaid

Medicaid is joint federal-state program that pays for health care services for low-income individuals. State Medicaid programs must comply with the minimum requirements set forth in the federal Medicaid statute to qualify for federal funding, 42 U.S.C. § 1396a. The Federal Government's share of each state's Medicaid spending, known as the Federal Medical Assistance Percentage (FMAP) is based upon the state's per capita income compared to the national average. States generally pay for services through fee-for-service or managed care arrangements. Under managed care arrangements, states contract with organizations to deliver care through networks and providers.

Medicaid managed care provides for the delivery of Medicaid health benefits and additional services through contracted arrangements between state Medicaid agencies and managed care organizations that accept a set per member per month capitated payment for these services.[1]

### 2. The MA Program

Under the MA Program, the Centers for Medicare and Medicaid Services (CMS) pays a fixed amount monthly for each enrolled beneficiary of a MA Plan. The fixed rate then is adjusted separately for each enrolled beneficiary to reflect their demographic profile, such as age, gender, geography, and health status. Health status makes up a significant portion of the total monthly payment from CMS to a MA Plan, as beneficiaries with serious, chronic health conditions usually have higher healthcare costs than beneficiaries without those conditions. For this reason, under the MA Program CMS pays MA Plans larger adjusted monthly payments for beneficiaries with serious, chronic health conditions - called "risk adjusted payments."

Qualified healthcare providers, such as treating physicians, diagnose and record these serious, chronic conditions - that ultimately account for the risk adjusted payments - in the beneficiaries' medical records. A MA Plan may only submit diagnosis codes to CMS for risk adjustment purposes if the diagnoses were made by a qualified healthcare provider during a face-to-face visit with the beneficiary during the twelve month period before the payment year for which the risk adjustment payment is sought. The diagnoses must be properly documented by the providers in the beneficiaries' medical record, and the medical record must show that the condition was treated or affected the beneficiaries' care.

### B. Investigation to Date.

The Plaintiffs respectfully submit that they have good cause for the requested further extension of the seal and intervention period. Specifically, since the filing of the last extension motion in September 2018, Plaintiffs have completed substantial additional investigative efforts. The investigative team is working with the United States Department of Health and Human Services, Office of Audit Services (OAS) to obtain and review the Defendants' Medicare Part C data. The investigative team received from OAS several additional statistical analyses of relevant claims data

---

[1] *See* Medicaid.gov at https://www.medicaid.gov/medicaid/managed-care/index.html

which have been reviewed to identify whether false diagnoses were in fact submitted to Medicare and Medicaid and to what extent, and whether these false diagnoses led to overpayments by Medicare and Medicaid to the Defendants, and to what extent. A preliminary analysis of this data has been prepared. Based on the results of this data analysis, if warranted, the United States may seek to issue a Civil Investigative Demand (CID) to Defendants for oral testimony and documents. The United States is also preparing an analysis for internal consideration regarding whether to intervene in this lawsuit, which will need to be reviewed by several managers prior to a final decision being made.

## II. ARGUMENT

The *qui tam* provisions of the False Claims Act provide in pertinent part:

> (2) A copy of the complaint and written disclosure of substantially all material evidence and information shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
>
> (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). . . .

31 U.S.C. §§ 3730(b)(2), (3).

The False Claims Act permits a private party (a relator) to bring suit to recover damages allegedly suffered by the United States due to fraud. Under this statute, the action remains under seal for 60 days from service on the United States of the complaint and written disclosure statement. During this 60 day period, the United States may elect to intervene and assume primary responsibility for the litigation. 31 U.S.C. § 3730(b)(2). Nevada's False Claims Act contains a similar provision. *See* Nev. Rev. St. § 357.110(1).

Generally speaking, the Ninth Circuit finds good cause exists to prevent disclosure of information where a party shows that disclosure will result in a specific prejudice or harm. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (defining good cause under Fed. R. Civ. P. 26(c)). District courts have applied Rule 26(c)'s standard to define good cause under the False Claims Act. *U.S. ex rel. McCoy v. California Med. Review, Inc.*, 133 F.R.D. 143, 146 (N.D. Cal. 1990) (good cause exists where "disclosure will work a clearly defined, specific and serious injury.");

*U.S. ex rel. Callahan v. U.S. Oncology, Inc.*, 2005 WL 3334296, at *1 (W.D. Va. Dec. 7, 2005) (same).

The United States and the State of Nevada represent that good cause exists to extend the evaluation period for a fourth time and request that the Court find good cause exists to extend the evaluation period until March 28, 2019. Plaintiffs are working diligently to investigate this matter to determine whether the allegations in the Complaint are valid and whether the Plaintiffs should intervene in this matter. An additional six months is needed to continue this investigation, including performing data analysis and issuing a CID if necessary. The Plaintiffs therefore respectfully submit that "good cause" exists for an extension of time to intervene.

### III. CONCLUSION

For the foregoing reasons, and having shown that good cause exists, the Plaintiffs respectfully request that their *Ex Parte* Application For a Six-Month Extension Of Time To Consider Election To Intervene be granted.

Dated: March 28, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division
MICHAEL D. GRANSTON
PATRICIA L. HANOWER
RENÉE S. ORLEANS
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 202-514-4504
Fax: (202) 307-3852
E-mail: renee.orleans@usdoj.gov

NICHOLAS A. TRUTANICH
United States Attorney

/s/ Roger W. Wenthe
ROGER W. WENTHE
Assistant United States Attorney

AARON D. FORD
Nevada Attorney General

/s/ Mark Kemberling
MARK KEMBERLING
Chief Deputy Attorney General

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* DR. GEORGE G. SCLEPARIS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTH GROUP, INC., *et al.*,<br><br>Defendants. | Case No.: 2:17-cv-219-KJD-GWF<br><br>FILED *EX PARTE*<br>AND UNDER SEAL |

## ORDER

The Court having considered the Application by the Plaintiffs for a six-month extension of time, and good cause having been shown, it is hereby ORDERED that:

1) Said Application is GRANTED; and

2) The United States and the State of Nevada shall have up to and including September 30, 2019, to notify the Court of their decision whether to intervene in the above-captioned *qui tam* action or to notify the Court that they decline to do so; and

IT IS FURTHER ORDERED, except to the extent set forth in the Court's April 7, 2017, Order partially lifting the seal, the Complaint and all filings in this case otherwise shall remain UNDER SEAL until further Order of this Court unless the United States requests that the seal be lifted prior to that date and the Court so orders; and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order upon counsel for the United States and the State of Nevada only and shall not serve a copy of this Order upon relator or relator's counsel or upon Defendants' or Defendants' counsel in this action.

So ORDERED, this \_\_4th\_\_ day of \_\_April\_\_, 2019.

_____

UNITED STATES DISTRICT JUDGE